UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DARIO CHARLES,

                          Plaintiff,                    **REPORT AND RECOMMENDATION**

    v.                                       **25-cv-2761 (GRB) (ST)**

L&L ASSOCIATES HOLDING CORP.,

                          Defendant.
-----------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

On May 16, 2025, Plaintiff Dario Charles ("Plaintiff") sued Defendant L&L Associates Holding Corp. ("Defendant") under 42 U.S.C. § 1983 to redress alleged violations of Plaintiff's due process rights under the Fourteenth Amendment. Before this Court is Defendant's Motion to Dismiss (the "Motion"), filed May 29, 2025. For the reasons discussed below, this Court respectfully recommends that the District Court GRANT the Motion and DISMISS the Complaint with prejudice.

## BACKGROUND

Plaintiff owns property located at 409 N. Brookside Avenue, Freeport, NY, but alleges he has not lived there since 2009. Compl. at ¶ 8, ECF No. 1. In 2023, Defendant commenced a foreclosure action in the Supreme Court of the State of New York, County of Nassau and was awarded a judgment of foreclosure on Plaintiff Dario Charles' property 409 N. Brookside Avenue. Plaintiff alleges that the state court judgment was improper as service was never properly rendered upon him. *Id.* at ¶¶ 10-24. On May 16, 2025, Plaintiff filed his current Complaint, challenging the state court's foreclosure judgment on his property. On May 29, 2025, Defendant filed their pending

Motion to Dismiss ("Motion") to which Plaintiff filed an Opposition ("Opposition") on June 17, 2025, and Defendant filed a Reply ("Reply") in support of on June 22, 2025.

## LEGAL STANDARD

Defendant moves to dismiss the Complaint under Federal Rule 12(b)(6) of Civil Procedure. Under Rule 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12. To survive such a motion, a complaint must contain sufficient facts that, when accepted as true, state "a claim to relief that is plausible on its face." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the factual allegations allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In doing so, the Court must accept the complaint's well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 458 (2d Cir. 2019). However, allegations that "are no more than conclusions are not entitled to the assumption of truth." *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010); *see Iqbal*, 556 U.S. at 663 ("the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."); *Larsen v. Berlin Bd. of Educ.*, 588 F.Supp.3d 247, 256 (D. Conn. 2022) ("a court need not credit conclusory or contradictory allegations.").

**DISCUSSION**

Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.[1] Under the *Rooker–Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 283–84 (2005). The doctrine is rooted in the principle that "appellate jurisdiction to reverse or modify a state-court judgment is lodged ... exclusively in [the Supreme] Court." *Id.* at 283, 125 S.Ct. 1517. There are "four requirements for the application of *Rooker–Feldman* ": (1) the federal-court plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by a state court judgment"; (3) the plaintiff "invite[s] ... review and rejection of that judgment"; and (4) the state judgment was "rendered before the district court proceedings commenced." *Hoblock v. Albany Cnty. Bd. of Elecs.,* 422 F.3d 77, 85 (2d Cir.2005) (internal alterations and quotation marks omitted).

In the instant matter, factors one and four are clearly satisfied as the Supreme Court of the State of New York, County of Nassau, awarded Defendant L&L Associates a judgment of foreclosure on Plaintiff Dario Charles' property located at 409 N. Brookside Avenue on March 21, 2024. *See* Mot. Exh. 1, ECF No. 12. Plaintiff then filed his current suit on May 16, 2025, over a year after Plaintiff lost his action in state court.

Factors (2) and (3) are also met. For these factors to be satisfied and for *Rooker-Feldman* to apply, the federal suit must "complain[] of injury from the state-court judgment and seek[] review and rejection of that judgment, but not if it raises some independent claim." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 86 (2d Cir. 2005).  Here, Plaintiff is "complain[ing] of an injury caused by a state judgment." *Hoblock*, 422 F.3d at 87 (emphasis omitted). This

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

causal requirement is satisfied "where, as in *Feldman*, the state court itself is the decision-maker whose action produces the injury." *Sindone v. Kelly*, 439 F.Supp.2d 268, 272 (S.D.N.Y. 2006). "*Exxon Mobil* and *Hoblock* [ ] make clear [ ] that the applicability of the Rooker–Feldman doctrine turns not on the similarity between a party's state-court and federal-court claims (which is, generally speaking, the focus of ordinary preclusion law), but rather on the causal relationship between the state-court judgment and the injury of which the party complains in federal court." *McKithen v. Brown*, 481 F.3d 89, 97–98 (2d Cir.2007) (emphasis in original).  For example, "a party is not complaining of an injury 'caused by' a state-court judgment when the exact injury of which the party complains in federal court existed prior in time to the state-court proceedings, and so could not have been 'caused by' those proceedings." *Id.* at 98 (emphasis omitted). Additionally, a plaintiff's injuries are not caused by the judgment when the state court "simply ratified, acquiesced in, or left unpunished" the actions of a third party. *Hoblock*, 422 F.3d at 88.

Plaintiff's claimed injury in this case, however, is the loss of his home – an injury directly caused by the State Court Judgment of foreclosure.  Indeed, prior to the foreclosure action, Plaintiff did not suffer any injury at all, and he only suffered an injury *because* the State Court issued the Judgment of foreclosure.  Under these circumstances, *Rooker-Feldman* clearly applies. *See, e.g.*, *Swiatkowski v. Citibank*, 745 F.Supp.2d 150, 165 (E.D.N.Y. 2010) (dismissing RICO claims on *Rooker–Feldman* grounds where plaintiff complained of "financial ... distress as a result of ... the judgment" of foreclosure allegedly procured through pattern of fraudulent activity), aff'd, 446 Fed.Appx. 360 (2d Cir. 2011) (summary order); *Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt,* P.C., 701 F.Supp.2d 340, 348–49 (E.D.N.Y. 2010) (dismissing complaint alleging "pattern of vexatious litigation" on *Rooker–Feldman* grounds where financial injuries were directly caused by foreclosure judgment); *Webster v. Wells Fargo Bank, N.A.*, No. 08–CV–

4

10145, 2009 WL 5178654, at *6 (S.D.N.Y. Dec. 23, 2009) (dismissing allegations of fraud occurring prior to foreclosure when "the harm [plaintiffs] consistently identify is the judgment permitting foreclosure to take place"), aff'd sub nom. *Webster v. Penzetta*, 458 Fed. Appx. 23 (2d Cir. 2012) (summary order).

Moreover, Plaintiff fails to raise any "independent claim" as Plaintiff merely disputes the veracity of the state court holding, alleging he was never rendered proper service. *See generally* Opposition. However, this issue of service was discussed and litigated extensively in that state court proceeding. In fact, Justice Carlton of the Supreme Court of the State of New York, Nassau County, explicitly ruled that "service was proper" in the foreclosure case. May 15, 2024, Decision and Order, Index No. 603899/23. Therefore, absent a claim independent from that in the state court judgment, Plaintiff's federal claims are barred under the *Rooker-Feldman* doctrine because they would require this Court to review and essentially reverse the State Court finding that foreclosure was proper. *See, e.g., Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423 (2d Cir. 2014) (Mortgagor's fraud claims in federal court against mortgagee and mortgage assignee, which sought a determination of whether state foreclosure judgment was wrongfully issued to parties that lacked standing to foreclose, were barred by *Rooker-Feldman* doctrine because they would require the federal court to review the state proceedings and determine that the foreclosure judgment was issued in error); *see generally Mickens v. 10th Judicial Circuit Court,* 458 Fed.Appx. 839 (11th Cir.2012) (unpublished) (affirming *Rooker–Feldman* dismissal of action seeking damages for conspiracy to fraudulently obtain state court judgments of foreclosure); *Laychock v. Wells Fargo Home Mortg.,* 399 Fed. Appx. 716 (3d Cir. 2010) (unpublished) (affirming Rooker–Feldman dismissal of action seeking damages for wrongful foreclosure because granting relief sought would necessarily involve determining that state court

5

foreclosure judgment was erroneous); *Figueroa v. Merscorp, Inc.,* 766 F.Supp.2d 1305, 1323 (S.D.Fla. 2011) ("This suit is barred by Rooker–Feldman because Plaintiff's claims can only succeed if the Court implicitly or explicitly determines the ... state court wrongly decided the foreclosure issue."), aff'd, 477 Fed. Appx. 558 (11th Cir.2012) (unpublished).

As a final point, Plaintiff should not be given leave to replead. Generally, leave to replead should be given if "the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). Such is not the case here, where Plaintiff's legal theory is without merit. "The problem with [Plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the District Court GRANT Defendants' Motion and DISMISS the Complaint without leave to amend.

6

## **OBJECTIONS TO THIS REPORT AND RECOMMEDATION**

Under 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure,

the parties shall have fourteen (14) days from service of this Report and Recommendation to file

written objections.  Failure to file timely objections shall constitute a waiver of those objections

both in the District Court and on later appeal to the United States Court of Appeals.  *See Frydman*

*v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega,*

*Inc.*, 338 Fed. Appx. 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS),

2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/ _____
Steven Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
February 13, 2026

7